# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| QWASI, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17-CV-00661-NKL |
| ADVATEXT, LLC D/B/A AVIDMOBILE, | ) ) ) ) |
| Defendant. | ) ) |

**ORDER**

Pending before the Court is Plaintiff Qwasi, Inc.'s motion for summary judgment, Doc. 27. For the following reasons, the motion is granted.

**I.    BACKGROUND[1]**

The facts in this case are almost entirely undisputed. On July 23, 2010, Plaintiff/Counter-Defendant Qwasi, Inc. entered into a "Technology License and Implementation Agreement" (the "Agreement") with Defendant/Counterclaimant Advatext, LLC d/b/a AvidMobile. Qwasi agreed to design and host an application for AvidMobile, and to provide short code services, the enterprise mobile marketing center, and API services. In return, AvidMobile agreed to submit monthly payments to Qwasi based upon a predetermined fee schedule.

Beginning in June 2016, AvidMobile stopped submitting payments to Qwasi for the services it was providing. On September 21, 2016, Qwasi issued a "Suspension Notice" to AvidMobile, notifying it that it owed $64,746.28 for June and July 2016, and that services would

---

[1] In ruling on a motion for summary judgment, the Court must view all facts in a light most favorable to the nonmoving party, and that party receives the benefit of all reasonable inferences drawn from the facts. *Robinson v. Monaghan*, 864 F.2d 622, 624 (8th Cir. 1989).

be suspended until payment was made. On September 29, 2016, Robert Clifton, a co-owner of AvidMobile, sent an email to Qwasi offering to pay a portion of the outstanding balance to prevent the suspension of services, and proposing a payment plan for the remaining overdue balance. The next day, the parties agreed to a payment plan whereby AvidMobile would pay half of the June invoice on October 12, 2016, pay the other half of the June invoice on October 20, 2016, and make payment in full of its outstanding debt by October 28, 2016. In reliance on this new payment schedule, Qwasi agreed not to suspend AvidMobile's services.

AvidMobile paid Qwasi $16,927.54 on October 7, 2016, and $14,339.06 on October 11, 2016, satisfying its June 2016 balance. On October 12, 2016, AvidMobile paid Qwasi $1,801.16. No further payments were ever made, and on November 2, 2018, Qwasi notified AvidMobile that it was terminating its services.

## II.     SUMMARY JUDGMENT STANDARDS

"Summary judgment is appropriate when the evidence, viewed in a light most favorable to the nonmoving party, shows no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 999 (8th Cir. 2011). While the moving party bears the burden of establishing a lack of any genuine issues of material fact, *Brunsting v. Lutsen Mountains Corp.*, 601 F.3d 813, 820 (8th Cir. 2010), "[t]he party opposing summary judgment cannot rest solely on the pleadings, but instead must set forth specific facts showing there is a genuine issue of material fact for trial." *Thomas v. Corwin*, 483 F.3d 516, 526 (8th Cir. 2007). "[M]ere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Id.* "[W]here the evidence is such that no reasonable jury could return a verdict for the non-moving party," summary judgment is appropriate. *Smith v. Basin Park Hotel,*

*Inc.*, 350 F.3d 810, 813 (8th Cir. 2003).

**III.    DISCUSSION**

Qwasi seeks summary judgment on its claim for breach of contract, as well as AvidMobile's counterclaim for breach of contract.[2]

**A.    Qwasi's Breach of Contract Claim**

Under Pennsylvania law, to prevail on a claim for breach of contract, a plaintiff must demonstrate "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." *Williams v. Nationwide Mut. Ins. Co.*, 750 A.2d 881, 884 (Pa. Super. Ct. 2000) (quoting *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)). The first and second elements of Qwasi's claim for breach of contract are undisputed. The parties executed a contract on July 23, 2010, Doc. 28-1, and AvidMobile admits that it did not submit timely payments for the services Qwasi provided in the months of June, July, August, September, and October 2016. Doc. 31, pp. 6-9. AvidMobile maintains, however, that genuine issues of material fact regarding damages, and several affirmative defenses preclude summary judgment in Qwasi's favor.

**1.    Is There a Genuine Issue of Material Fact?**

AvidMobile does not dispute any facts related to the total amount of money paid, $33,067.76, or the total amount of money it still owes, $127,464.12. It argues only that Qwasi applied one of the payments to the wrong invoice. According to AvidMobile, the $1,801.16 payment on October 12, 2016 should have been applied to Invoice No. 2721, whereas Qwasi applied the payment to Invoice No. 2627.

---

[2]    Although Qwasi failed to explicitly move for summary judgment on AvidMobile's counterclaim, AvidMobile concedes that it was on notice that Qwasi was seeking summary judgment on the counterclaim, and addressed the issue in its opposition brief. *See* Doc. 31, p. 20. Therefore, the Court will rule on both claims.

3

This dispute is immaterial. Qwasi seeks only the total outstanding balance on the invoices submitted to AvidMobile. It does not assert that it is entitled to any interest or fees related to AvidMobile's failure to pay on time, and thus the total amount that remains on AvidMobile's outstanding balance is unaffected by the specific invoice to which each payment is applied. *See Wierman*, 638 F.3d at 993 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."); *Grey v. City of Oak Grove, Mo.*, 396 F.3d 1031, 1034 (8th Cir. 2005) ("The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under prevailing law.") (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). Therefore, this is not a genuine issue of material fact that precludes summary judgment.

### 2. Do Affirmative Defenses Preclude Summary Judgment?

A nonmoving party may also resist a motion for summary judgment by "'asserting affirmative defenses which it has the burden to prove' and supporting those defenses with specific facts." *Hiland Partners GP Holdings, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 847 F.3d 594, 601 (8th Cir. 2017). AvidMobile argues that three of its affirmative defenses preclude summary judgment: breach of contract excusing further performance, set off, and failure of consideration.[3]

### a. Did Qwasi Breach the Agreement First?

"[A] party who has materially breached a contract may not insist upon performance of the contract by the non-breaching party." *Seneca Res. Corp. v. S & T Bank*, 122 A.3d 374, 380 (Pa. Super. Ct. 2015). The materiality of a breach is an issue of fact, which is generally left to a jury to decide. *Int'l Diamond Importers, Ltd. v. Singularity Clark, L.P.*, 40 A.3d 1261, 1272 (Pa. Super.

---

[3] AvidMobile raised nine affirmative defenses in response to the Complaint. Doc. 9, pp. 8-10. As AvidMobile argues only that three prevent summary judgment, the Court will not address the other six.

Ct. 2012) (Pennsylvania courts "consistently have treated inquiries into the materiality of a given breach as fact questions rather than questions of law to be decided from the bench."). However, as with any other factual dispute, in determining whether there exists a genuine issue of material fact, the Court must "determine[] whether a reasonable jury, faced with the evidence presented, could return a verdict for the non-moving party." *401 Fourth St., Inc. v. Inv'rs Ins. Grp.*, 583 Pa. 445, 461 n.4 (2005).

In determining the materiality of a breach, Pennsylvania courts follow the Restatement (Second) of Contracts, which sets forth the following factors:

> (a) the extent to which the injured party will be deprived of the benefit which he reasonably expected;
>
> (b) the extent to which the injured party can be adequately compensated for that part of the benefit of which he will be deprived;
>
> (c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture;
>
> (d) the likelihood that the party failing to perform or offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances; [and]
>
> (e) the extent to which the behavior of the party failing to perform or offer to perform comports with standards of good faith and fair dealing.

*Int'l Diamond Imps.*, 40 A.3d at 1271 (quoting RESTATEMENT (SECOND) OF CONTRACTS § 241); *see also Lyda Properties, LLC v. Coolidge*, No. 1366 MDA 2013, 2014 WL 10916975, at *2–3 (Pa. Super. Ct. June 24, 2014) (quoting the same).

AvidMobile argues that Qwasi breached the parties' contract by providing defective services, and therefore excused AvidMobile from any obligation to perform. In support, AvidMobile presents "Zendesk tickets," which are the communications between AvidMobile and

Qwasi regarding minor technical issues that AvidMobile had with Qwasi's services.[4] For example, Zendesk Ticket #2300/271 indicates an issue where Qwasi's application was responding incorrectly to the HELP and STOP commands in French, Zendesk Ticket #298 indicates a formatting error, and Zendesk Ticket #325 indicates an error where the STOP command operated as a STOP ALL command. Doc. 31-1, pp 2-4. AvidMobile specifically points to nine tickets, and argues that the length of time Qwasi took to resolve them, which ranged from 19 days to 135 days, was excessive and therefore breached the Agreement. AvidMobile also points to three of the nine tickets in particular, and contends that Qwasi's failure to timely resolve them caused AvidMobile to lose a significant client, 5Linx.

While the facts contained in the Zendesk tickets are undisputed, there is no evidence that a reasonable jury could rely on to find that Qwasi's delay in resolving nine technical issues—out of hundreds that occurred over an eight year business relationship—constituted a material breach of performance that relieved AvidMobile of its obligation to perform.

With regard to AvidMobile's purportedly lost client, 5Linx, there is no admissible evidence to support a finding that it cancelled its services with AvidMobile as a result of the technical issues. The only evidence AvidMobile submits in support of this allegation is the affidavit of Richard Clifton, in which he avers that "AvidMobile lost a significant customer, 5Linx, due to Qwasi's failure to timely address a number of issues . . . ." Doc. 31-1, p. 2. Clifton cites three specific Zendesk tickets that involved technical issues with 5Linx, but offers no connection between the technical issues and 5Linx's decision to cancel its service. A reasonable inference is that 5Linx told Clifton why it was cancelling its service, but if that is the basis of Clifton's affidavit, it is inadmissible hearsay. *Brooks v. Tri-Sys., Inc.*, 425 F.3d 1109, 1111 (8th Cir. 2005) ("When an

---

[4] AvidMobile and Qwasi used a third party, Zendesk, Inc., to communicate with one another regarding technical issues.

affidavit contains an out-of-court statement offered to prove the truth of the statement that is inadmissible hearsay, the statement may not be used to support or defeat a motion for summary judgment."); *see also* Fed. R. Civ. P. 56(e) ("[Affidavits] shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.").

Aside from Clifton's affidavit and the Zendesk tickets, AvidMobile presents no other evidence related to Qwasi's alleged breach of the contract, much less any evidence that the breach was material. There is no evidence of the extent to which Qwasi's failure deprived AvidMobile of any benefits, and there is no evidence of the extent to which AvidMobile can or cannot be adequately compensated. Additionally, whereas there is no evidence that AvidMobile suffered any damages as a result of Qwasi's breach, if the breach is found to be material, Qwasi will suffer a loss of over $120,000. There is no evidence that AvidMobile ever indicated to Qwasi that it felt Qwasi had breached the contract, and thus Qwasi did not have an opportunity to cure its failure. Finally, there is no evidence that the timeliness in which Qwasi addressed technical issues violated the standards of good faith and fair dealing. Put simply, there is no evidence that a jury could rely on to even try to determine whether Qwasi's breach was material. *See* RESTATEMENT (SECOND) OF CONTRACTS § 241.

Therefore, AvidMobile's affirmative defense alleging that Qwasi materially breached the contract first, thereby excusing AvidMobile's performance, does not prevent summary judgment from being entered in favor of Qwasi.

        **b.**       **Is AvidMobile Entitled to a Setoff?**

"The right of setoff (also called 'offset') allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B

owes A.'" *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18 (1995) (quoting *Studley v. Boylston Nat. Bank*, 229 U.S. 523, 528 (1913)). AvidMobile maintains that it is entitled to a setoff based on its counter-claim for breach of contract. As discussed above, there is no evidence that AvidMobile suffered any damages as a result of Qwasi's alleged breach of contract, and therefore there is no evidence that AvidMobile is entitled to a setoff.

    **c.**  **Was there a Failure of Consideration?**

"Failure of consideration occurs when the consideration bargained for does not pass, in whole or in part, to the promisor." *McGuire v. Schneider, Inc.*, 534 A.2d 115, 118 (Pa. Super. Ct. 1987) (citing *Necho Coal Company v. Denise Coal Company*, 128 A.2d 771, 772 (Pa. Super. Ct. 1957)). The burden of proof rests with the party asserting a failure of consideration, *In re Estate of Rosser*, 821 A.2d 615, 621 (Pa. Super. Ct. 2003), who "must show that the consideration *contemplated* was never received." *Id.* (quoting *Dahar v. Grzandziel*, 599 A.2d 217, 221 (Pa. Super. Ct. 1991)) (emphasis in original).

AvidMobile bases its failure of consideration defense on the same "defective services" that it alleges breached the contract—Qwasi's failure to resolve technical issues in a timely manner. AvidMobile presents no evidence, however, that the length of time that technical support tickets would remain open was a contracted term, or any evidence that it was bargained for or contemplated by either party. Under the contract, AvidMobile agreed to submit monthly payments to Qwasi based upon a predetermined fee schedule, and in consideration, Qwasi agreed to design and host an application for AvidMobile, and provide short code services, the enterprise mobile marketing center, and API services. Doc. 28-1, pp. 2-5. AvidMobile expressly acknowledged that "bugs" may occur from time to time, Doc. 28-1, p. 6, but Qwasi never represented nor warranted that tickets would be closed within a specific time. Qwasi's obligation was only to provide

8

technical support to address any issues with the services.

As AvidMobile has not presented any evidence that it failed to receive consideration bargained for at the time of execution, its affirmative defense alleging failure of consideration cannot preclude summary judgment.

### B. AvidMobile's Counterclaim for Breach of Contract

As with Qwasi's claim for breach of contract, to prevail on its counterclaim, AvidMobile must demonstrate "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." *Williams*, 750 A.2d at 884.

AvidMobile bases its counterclaim on the same alleged breach that serves as the basis of its affirmative defense—Qwasi's failure to resolve Zendesk tickets in a timely manner. As discussed above, however, because Clifton's affidavit with regard to 5Linx is either pure speculation or based on inadmissible hearsay, there is no evidence that AvidMobile suffered any damages as a result of Qwasi's alleged breach. Accordingly, summary judgment on AvidMobile's counterclaim must be granted for Qwasi.

### IV. CONCLUSION

For the reasons set forth above, Qwasi's Motion for Summary Judgment on count one, breach of contract, is granted, and summary judgment is entered against AvidMobile in the amount of $127,464.12.

/s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: August 13, 2018  
Jefferson City, Missouri